UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KG URBAN ENTERPRISES, LLC<br>Plaintiff,<br>v.<br>DEVAL L. PATRICK, in his official capacity as Governor of the Commonwealth of Massachusetts, et al.<br>Defendants. | Civil Action No. 1:11-CV-12070-NMG |

**ANSWER**

**First Defense.**

Defendants answer the corresponding paragraphs of the complaint as follows.

1. Defendants deny that Mass. St. 2011, c. 194 (the "Act") contains any "race-based set-asides." The rest of this paragraph summarizes Plaintiff's theory of its case, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b). To the extent this paragraph contains any such allegations, they are denied.

2. Defendants deny that the Act contains any "racial set-aside provisions." Defendants lack information sufficient to admit or deny the remaining allegations.

3. Defendants deny that the Act contains any "racial set-asides." The rest of this paragraph summarizes the relief Plaintiff seeks from the Court, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

4. Defendants lack information sufficient to admit or deny these allegations.

5. Admitted.

6. Defendants deny that anyone has been appointed to serve as Chairman or as Commissioner of the Massachusetts Gaming Commission created by the Act.

7. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

8. The first sentence contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. Defendants admit

that Governor Patrick resides in this judicial district, deny that anyone has been appointed to serve as Chairman or as Commissioner of the Massachusetts Gaming Commission, and therefore deny that any defendant other than the Governor resides in this judicial district.

9. Defendants admit the allegations of the first sentence. The rest of this paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

10. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

11. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

12. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

13. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

14. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

15. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

16. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

17. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

18. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

19. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

20. Defendants admit that the United States Department of the Interior, acting through the Bureau of Indian Affairs, has acknowledged the Mashpee Wampanoag Indian Tribal Council, Incorporated, and the Wampanoag Tribal Council of Gay Head (Aquinnah) as Indian tribes with a government-to-government relationship with the United States, admit that both of these tribes have indicated some intent to pursue gaming in Southeastern Massachusetts, and deny any remaining allegations in this paragraph.

21. Defendants lack information sufficient to admit or deny the allegations in the first sentence. The second sentence is vague and unclear, and Defendants therefore lack information sufficient to admit or deny these allegations.

22. The first sentence is vague and unclear, and Defendants therefore lack information sufficient to admit or deny these allegations. Defendants lack information sufficient to admit or deny the allegations in the second sentence. The third sentence contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. To the extent the third sentence is intended to make factual allegations, Defendants lack information sufficient to admit or deny them.

23. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

24. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

25. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

26. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

27. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

28. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

29. The first sentence consists of vague and unclear conjecture, and Defendants therefore lack information sufficient to admit or deny these allegations. The first clause of the second sentence contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. The last clause of the second sentence consists of vague and unclear conjecture, and Defendants therefore lack information sufficient to admit or deny these allegations.

30. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

31. The first three sentences contain Plaintiff's characterization of some parts of the Act, but contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b). To the extent the sentences are contain any such allegations, they are vague and unclear, and Defendants therefore lack information sufficient to admit or deny these allegations. With respect to the last sentence, Defendants deny that the Act contains any provisions that are not "race-neutral," and deny any remaining allegations of this sentence.

32. Defendants deny that the Act contains any "race-based set-aside." The rest of this paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

33. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

34. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

35. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

36. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

37. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

38. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

39. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

40. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

41. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

42. Defendants lack information sufficient to admit or deny these allegations.

43. Defendants lack information sufficient to admit or deny these allegations.

44. Defendants lack information sufficient to admit or deny these allegations.

45. Defendants lack information sufficient to admit or deny these allegations.

46. Defendants lack information sufficient to admit or deny these allegations.

47. Defendants lack information sufficient to admit or deny these allegations.

48. Defendants lack information sufficient to admit or deny these allegations.

49. Defendants lack information sufficient to admit or deny these allegations.

50. Defendants lack information sufficient to admit or deny these allegations.

51. Defendants deny that the Act contains any “race-based set-asides,” and therefore deny the allegations of this paragraph.

52. Defendants deny the allegations of the first sentence and lack information sufficient to admit or deny the allegations of the second sentence. Defendants deny that the Act contains any “race-based limits on the application process in the Southeast.” The rest of the last two sentences consists of vague conjecture, and Defendants therefore lack information sufficient to admit or deny these allegations.

53. Denied.

**Count I – Federal Equal Protection Clause.**

54. Defendants refer to their responses to the previous numbered paragraphs.

55. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

56. Defendants lack information sufficient to admit or deny the allegations of the first sentence. Defendants lack information sufficient to admit or deny that "KG is ready, willing, and able to apply for a gaming license" for a site in New Bedford, deny that the Act contains any "racial preferences," admit that KG Urban Enterprises is not a federally-recognized Indian Tribe, and state that any remaining allegations of this paragraph are vague and unclear and thus Defendants lack information sufficient to admit or deny any such allegations.

57. Denied.

58. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

59. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

60. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

61. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

62. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

63. This paragraph contains Plaintiff's characterization of some parts of the Act, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

64. Defendants deny that the Act contains any "race-based set-asides" and deny that the Act is subject to strict scrutiny. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

65. Denied.

**Count II – Massachusetts Declaration of Rights.**

66. Defendants refer to their responses to the previous numbered paragraphs.

67. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

68. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

69. Denied.

70. Defendants deny that the Act discriminates on the basis of race and deny that the Act is subject to strict scrutiny. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

71. Denied.

**Count III – Federal Preemption.**

72. Defendants refer to their responses to the previous numbered paragraphs.

73. This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

74. Defendants deny that the Act would permit federally-recognized Indian tribes to engage in class III gaming without obtaining the federal approvals mandated by IGRA, and deny that the Act would violate or conflict with IGRA. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

75. Defendants deny that the Act would violate or conflict with IGRA. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

76. Defendants deny that the Act would violate or conflict with IGRA. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

77. Defendants deny that the Act would violate or conflict with IGRA. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

78. Defendants deny that the Act is intended to or would violate or conflict with IGRA. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

79. Defendants deny that the Act would violate or conflict with IGRA. Any remaining statements in this paragraph are not allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead are legal conclusions.

80. Denied.

**Second Defense.**

Plaintiff's claims are not ripe.

**Third Defense.**

The Court lacks subject matter jurisdiction to consider the claim in Count III that Mass. St. 2011, c. 194, conflicts with and thus is preempted by the federal Indian Gaming Regulatory Act. *See, e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) (doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), may not be used to bring action against state official seeking declaratory or injunctive relief to enforce Indian Gaming Regulatory Act).

**Fourth Defense.**

If the Court had subject matter jurisdiction to consider the preemption claim in Count III, it should decline to do so on the ground that *Pullman* abstention is warranted because Mass. St. 2011, c. 194, has never been interpreted by a state court and is "fairly subject to an interpretation which will avoid … the federal constitutional question." *Barr v. Galvin*, 626 F.3d 99, 108 (1st Cir. 2010) (quoting *Zwickler v. Koota*, 389 U.S. 241 (1967)).

**Fifth Defense.**

Plaintiff may not obtain any relief against Governor Patrick with respect to provisions of Mass. St. 2011, c. 194, that are to be implemented by other state officials, and may not obtain any relief against the as-yet unnamed Chairman and Commissioners of the Massachusetts Gaming Commission with respect to provisions of Mass. St. 2011, c. 194, that are to be implemented by other state officials.

**Sixth Defense.**

Plaintiff has no right to a jury trial as it is seeking only declaratory and injunctive relief.

MARTHA COAKLEY
*ATTORNEY GENERAL OF MASSACHUSETTS*

/s/ Kenneth W. Salinger
Kenneth W. Salinger (BBO # 556967)
Assistant Attorney General, Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617.963.2075
ken.salinger@state.ma.us

December 6, 2011

Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before December 6, 2011.

/s/ Kenneth W. Salinger .